LOUIS C. KIRVEN and BLANCHE W. KIRVEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kirven v. Commissioner
Docket No. 10631-75.
United States Tax Court
T.C. Memo 1977-28; 1977 Tax Ct. Memo LEXIS 416; 36 T.C.M. (CCH) 132; T.C.M. (RIA) 770028; February 1, 1977, Filed Joseph H. Blackwell, for the petitioners. R. Gary Lowen, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Chief Judge: Respondent determined deficiencies in petitioners' Federal income taxs for the years 1972 and 1973 in the amounts of $860.19 and $2,705.14, respectively. All of the adjustments made in the notice of deficiency have been conceded by petitioners; however, in an amended petition, petitioners have attempted to raise a new issue involving a purported loss on worthless stock under section 1244. [1]
*417 FINDINGS OF FACT Some of the facts were stipulated, and the stipulation of facts and exhibits referred to therein are incorporated herein by this reference. Petitioners are husband and wife, [2] residing in Cleveland, Ohio. They filed joint Federal income tax returns for the years 1972 and 1973 with the District Director of Internal Revenue, Cleveland, Ohio. In October 1968, petitioner, with the legal assistance of Elmer J. Whiting, Jr., an attorney and certified public accountant, caused the incorporation of Judson-Lee Wienerschnitzel, Inc. This corporation, the name of which was subsequently changed to Kirven Corp., was originally formed to establish and operate a franchised restaurant. At the time that the corporation was formed, Whiting advised petitioner of the potential advantages of utilizing section 1244 of the Internal Revenue Code in the establishment of such a corporation, and Whiting took certain steps in connection with the formal organizational *418 documents in an effort to comply with the requirements of section 1244. [3]
The operations of the corporation were unprofitable, and on December 6, 1972, petitioner, as president, executed on behalf of the corporation a petition in bankruptcy, which was filed in Federal court on December 12, 1972. In the "Statement of Affairs" portion of the bankruptcy petition form, the petitioner indicated that the books of account and records were in the possession of the "Bankrupt." The form also indicated, in answer to a question as to where and for what years the last federal and state income tax returns were filed, "Cleveland, Ohio, 1971." In fact, the corporation never filed any federal income tax returns. The corporation was ultimately adjudged bankrupt and a Discharge of Bankrupt *419 was issued by the court on June 7, 1974. OPINION The various adjustments giving rise to the deficiencies originally determined by respondent have all been conceded by petitioners. However, on the day of trial of this case, petitioner filed an amended petition asserting as a purported "new issue" the following: The sum of Seven Thousand Five Hundred Dollars ($7,500) was borrowed from Cleveland Teachers Credit Union, Inc., 3010 Project Avenue, Cleveland, Ohio, on October 29, 1968, which amount was invested in its entirety as and for original capitalization of Judson Lee Wienerschnitzel, Inc., subsequently known as Louis Kirven, Inc., DBA der Wienerschnitzel, which was intended to be and in fact was so dedicated as common stock; and further was designated as Section 1244 stock on the books and records of the corporation. Respondent asserts that this amended petition fails to set forth any assignment of error in respondent's notice of deficiency with respect to petitioners' income tax returns for 1972 and 1973. Rule 34(b)(4) of the Tax Court Rules of Practice and Procedure requires that a petition contain "clear and concise assignments of each and every error which the petitioner *420 alleges to have been committed by the Commissioner in the determination of the deficiency or liability." Although the amended petition alleges certain facts concerning the capitalization of the corporation, it does not indicate what relevance such facts have upon the correctness of respondent's determination with respect to petitioners' 1972 and 1973 personal income tax liability. In his opening statement at trial, petitioners' counsel contended that petitioners were entitled to deduct as a section 1244 stock loss the amount of $7,500, alleged to have been invested by petitioner for his stock when the corporation was originally formed. Curiously, however, this same opening statement quite clearly asserts that the deduction is allowable when the stock became worthless, which was when the corporation was adjudicated bankrupt. It is clear from the stipulated facts that the final bankruptcy discharge was issued in June 1974. If petitioner's stock became worthless upon the final bankruptcy determination in 1974, [4] such worthlessness could not serve as a basis for a deduction in 1972 or 1973, the only years before us in this proceeding. Accordingly, we agree with respondent's assertion *421 that petitioners' amended petition fails to state an assignment of error in respondent's determinations with respect to 1972 and 1973. Even if petitioner had established that his stock became worthless in 1972 or 1973, we would be unable to sustain his claimed deduction. The record is woefully inadequate, and petitioner's evidence at times contradictory, not only as to the elements of applicability of section 1244, but even as to the petitioner's basis in the stock, the measure of the amount allowable under the basic loss deduction provisions of section 165. For example, in addition to the $7,500 alleged in the amended petition to have been invested in the business, petitioner and Whiting testified to other direct and indirect investments by petitioner. As to the section 1244 issue, petitioner failed to produce any documentary evidence whatsoever which would have enabled the respondent or the Court to determine that petitioner had been issued stock in a manner meeting all the requisites of section 1244. In fact, there is no documentary *422 evidence clearly showing that petitioner ever owned any of the stock of Judson-Lee Wienerschnitzel, Inc. Petitioner attempted to explain the total absence of corporate records by claiming that he could not locate them after the restaurant was ransacked following a robbery in September of 1972. However, in the corporation's petition in bankruptcy, signed by petitioner as president in December of 1972, the corporation's books and records were stated to be in the possession of the bankrupt. Accordingly, we hold that petitioner has failed to establish error in respondent's determination of deficiencies with respect to the years 1972 and 1973. Decision will be entered for the respondent. Footnotes
1. All section references herein are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. References hereinafter to "petitioner" in the singular shall be to Louis C. Kirven, Blanche W. Kirven being a party hereto solely by reason of having filed joint returns with Louis C. Kirven.↩
3. Section 1244, in general, permits a stockholder whose shares in a corporation have become worthless to deduct his resulting loss as an ordinary loss instead of a capital loss. However, section 1244 is strictly limited to losses with respect to stock of certain small business corporations which issued such stock pursuant to a specific plan meeting all of the statutory requirements set forth in section 1244↩.
4. There is nothing in the record which would establish that the stock became totally worthless prior to the bankruptcy discharge in 1974.↩